IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Anthony Boschele and Nancy Boschele,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>David G. Rainwater, Chesterfield County Sheriff's Office, Sam Parker in his official capacity as the Deputy of Chesterfield County, Chesterfield County, Kip Kiser in his official capacity as the Sheriff of Chesterfield County and Robert Lee in his official capacity as the Sheriff of Chesterfield County<br><br>　　　　　　Defendants. | Civil Action No.: 4:13-1419-BHH<br><br>**ORDER AND OPINION** |

On April 10, 2013, Plaintiffs Anthony Boschele ("Husband") and Nancy Boschele ("Wife") (collectively, "Plaintiffs") filed this 42 U.S.C. § 1983 action alleging that Defendant David G. Rainwater violated their Fourth and Fourteenth Amendment rights during the course of their arrest and subsequent imprisonment.[1] Plaintiffs also bring state law claims for battery, false arrest, and false imprisonment against the remaining Defendants.[2] In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Kaymani D. West, for consideration of pretrial matters. The Magistrate Judge prepared a thorough Report and

---

[1] Plaintiffs filed an Amended Complaint on April 22, 2013.
[2] By joint consent, the parties have agreed to dismiss all Defendants except David G. Rainwater, in his individual capacity, and the Sheriff Chesterfield County as parties to this action.

-1-

Recommendation which recommends that Defendants' motion for summary judgment be granted in part and denied in part. (ECF No. 72.) Specifically, she recommends dismissing Husband's § 1983 claims for Fourth Amendment violations and his state law claims for false arrest and false imprisonment, and allowing all other claims to proceed past summary judgment. Defendants filed timely objections to the Report and Recommendation (ECF No. 74) and Plaintiffs filed a reply (ECF No. 76). For the reasons set forth herein, the Court adopts the Report and Recommendation.

## BACKGROUND AND PROCEDURAL HISTORY

The Report and Recommendation sets forth in detail the relevant facts and standards of law, and the Court incorporates them and summarizes below only in relevant part. Plaintiffs filed this matter on April 10, 2013, alleging violations of their constitutional rights and state law claims. (ECF No. 1-1.) Specifically, Plaintiffs bring suit against Defendant Rainwater individually under § 1983 for improper seizure, excessive force, and false arrest under the Fourth and Fourteenth Amendments to the Constitution. (*Id.* at 8–11.) Additionally, Plaintiffs bring a § 1983 claim under the First Amendment for false arrest because they claim that the exercise of their First Amendment rights was a motivating factor in their arrest. (*Id.* at 13–14.) Plaintiffs also bring suit against Defendant Sheriff of Chesterfield County for common law false imprisonment, battery, and false arrest under the South Carolina Tort Claims Act. (*Id.* at 9–10, 12–13.)

On March 6, 2015, Defendants moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 42.) After consideration of the response filed in opposition to the motion for summary judgment (ECF No. 55) and

Defendants' reply (ECF No. 59), the Magistrate Judge issued a Report and Recommendation recommending that the motion for summary judgment be granted in part and denied in part. (ECF No. 72.) The Court has reviewed the objections to the Report, but finds them to be without merit. Therefore, it will enter judgment accordingly.[3]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

Defendants have objected to the Magistrate Judge's recommendation that: (1) genuine issues of material fact preclude granting summary judgment on Wife's Fourth Amendment claims; (2) genuine issues of material fact preclude granting summary judgment on Husband's excessive force claim during and after his exit from the porch; (3) genuine issues of material fact preclude granting summary judgment on Wife's First Amendment claim; (4) Defendant Rainwater is not entitled to a qualified immunity defense on Plaintiffs' excessive force claims and Wife's First and Fourth Amendment

---

[3] As always, the Court says only what is necessary to address Defendants' objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

-3-

claims; (5) genuine issues of material fact preclude granting summary judgment on Wife's state law claims for false arrest and false imprisonment and Plaintiffs' state law claims for battery; and (6) Defendant Sheriff of Chesterfield County is not immune from suit for the surviving state law claims under the South Carolina Tort Claims Act.

Respectfully, Defendants' objections are largely restatements of arguments made to, and rejected by, the Magistrate Judge. *See Hendrix v. Colvin*, 2013 WL 2407126, at *4 (D.S.C. June 3, 2013); *see also Jackson v. Astrue*, 2011 WL 1883026 (W.D.N.C. May 17, 2011); *Aldrich v. Bock*, 327 F. Supp.2d 743, 747 (E.D. Mich. 2004). "Examining anew arguments already assessed in the report of a magistrate judge would waste judicial resources; parties must explain *why* the magistrate judge's report is erroneous, rather than simply rehashing their prior filings and stating the report's assessment was wrong." *Hendrix*, 2013 WL 2407126, at *4. Absent proper objections, the district court must "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's Note).

The Court has considered Defendants' various objections *de novo* and finds them insufficient to reject the recommendations of the Magistrate Judge. In her exceptionally thorough thirty-nine page Report, the Magistrate Judge engaged in a thoughtful and comprehensive analysis of Plaintiffs' claims. She first found that there were no genuine issues of material fact as to Husband's Fourth Amendment seizure and arrest violation allegations, and Defendants were therefore entitled to summary judgment on these claims. (ECF No. 72 at 5–11.) However, in reference to Wife's Fourth Amendment

-4-

seizure and arrest violation allegations, the Magistrate Judge found genuine issues of material fact as to "whether some of Defendant Rainwater's actions were reasonable under the circumstances"; specifically, whether he had probable cause to arrest Wife for hindering a law enforcement officer. (*Id.* at 12–17.) The Magistrate Judge granted Defendants' motion seeking "summary judgment for Wife's initial seizure while Defendant Rainwater secured his safety and attempted to maintain the status quo," and denied the portion seeking "summary judgment because probable cause existed to arrest Wife for hindering an officer." (*Id.* at 19.)

Here, Defendants object to the Magistrate Judge's analysis of Wife's claims, arguing that she: (1) did not consider whether Defendant Rainwater's actions were reasonable "at the time the decision to arrest [Wife] was made"; and (2) focused solely on Wife's words when considering whether Wife constituted a hindrance to Defendant Rainwater. (ECF No. 74 at 2.) Both objections are without merit. First, when disposing of Wife's Fourth Amendment claims, the Magistrate Judge expressly considered "the totality of the facts and circumstances within Defendant Rainwater's knowledge *at the time of the arrest.*" (ECF No. 72 at 19 (emphasis added).) Second, the Magistrate Judge exhaustively recounted the parties' markedly different versions of the events leading up to Wife's arrest, including Defendant Rainwater's allegations that Wife verbally harassed him, "[swung] at his head with her fist," and was in close proximity to him throughout the course of their interaction. (*Id.* at 13–15.) Contrary to Defendants' assertion, the Magistrate Judge did not focus on Wife's words alone to find a genuine issue of material fact as to whether probable cause existed to arrest Wife. Rather, the Magistrate Judge

also noted that "Wife never positioned herself between Husband and Defendant Rainwater" and eventually complied with Defendant Rainwater's directive that she return inside Plaintiffs' home. (*Id.* at 18.)

The Magistrate Judge's probable cause analysis was guided in part by *McCoy v City of Columbia*, 929 F. Supp. 2d 541, 546–559 (D.S.C. 2013), wherein another court in this district found that probable cause existed for officers to arrest a boisterous interloper for "interfere[ing] with . . . a police officer in the lawful discharge of his duties." Defendant argues that the Magistrate's analysis is flawed because she failed to consider that unlike in "*McCoy*, where there were multiple officers-on-scene that could deal with the interloper, here [Defendant] Rainwater was alone and outnumbered." (ECF No. 74 at 2.) However, this fact was not crucial to the *McCoy* court's probable cause analysis—more important to the court was that the interloper's actions "forced the officers to divide their attention between securing the arrestee and engaging [the interloper]," and that the interloper "positioned himself in between the officers and their patrol car." *McCoy*, 929 F. Supp. 2d at 559. Thus, the Magistrate Judge did not err in this respect or in any other portion of her analysis of Wife's Fourth Amendment claims for seizure and arrest violations.

The Magistrate Judge next found that a question of fact remains as to whether Defendant Rainwater used excessive force during the course of Plaintiffs' arrest. (ECF No. 72 at 19.) After recounting "the three versions of what transpired between Plaintiffs and Defendant Rainwater," she recommended granting Defendants' motion seeking "summary judgment for Defendant Rainwater's actions until Husband fell or was pushed

from [the] porch," and denying the motion seeking summary judgment for Defendant Rainwater's actions during and after Husband's fall or push from [the] porch." (*Id.* at 19–27.) As for Wife, the Magistrate could not "find as a matter of law that Defendant Rainwater used an objectively reasonable amount of force during his attempted apprehension of Wife," and denied summary judgment on Wife's excessive force claim. (*Id.* at 28.)

Here, Defendants seek to clarify the Magistrate's finding on Husband's claim, objecting that this claim should be limited to Defendant Rainwater's actions *after* Husband fell from the porch. (ECF No. 74 at 3–4.) In support, they argue that Plaintiffs have failed to create a genuine issue of material fact on this issue because Husband gave inconsistent, ambiguous testimony. (*Id.* at 4.) However, the Magistrate Judge expressly granted summary judgment "[u]p until the point where Husband falls from the porch." (ECF No. 72 at 26.) The Court finds no confusion as to the Magistrate's holding that Husband's excessive force claim may proceed regarding "Defendant Rainwater's actions *during* and after Husband's fall or push from the porch," including whether Husband was pushed off of the porch or fell on his own accord. (*Id.* at 27 (emphasis added).)

Further, the Magistrate Judge correctly found that the parties' differing testimony on whether Husband was pushed or fell from the porch created a genuine issue of material fact on this issue. The fact that Husband's testimony was inconsistent on this issue does not compel granting summary judgment. Defendant relies on *Barwick v. Celotex Corp.*, 736 F.2d 946 (4th Cir. 1984), for this notion. In *Barwick*, however, the

court rejected a party's post-deposition affidavit that effectively contradicted all unfavorable testimony given in the party's deposition three years earlier. 736 F.2d at 959–60. Here, Husband testified multiple times in his deposition that he was pushed off the porch—this is corroborated by Wife's deposition testimony. (ECF No. 55-1, Husband Dep., at 86:9–13, 94:3–7; ECF No. 55-2, Wife Dep., at 42:19–25, 43:13–21.) *Barwick* is therefore inapplicable to the present action, and the Magistrate Judge correctly denied summary judgment as to this portion of Husband's excessive force claim.

The Magistrate Judge next found that Husband's cause of action for a § 1983 First Amendment violation fails because probable cause existed to arrest Husband. (ECF No. 72 at 29.) However, the Magistrate Judge found that because an issue of fact remained as to whether probable cause existed to arrest Wife, Wife's cause of action for a First Amendment violation should survive summary judgment. (*Id.* at 30.) Defendants briefly object that "Plaintiffs failed to offer any evidence establishing the requisite elements" of Wife's First Amendment claim, citing *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013), without any accompanying explanation. (ECF No. 74 at 4.) In *Tobey*, the court considered whether the plaintiff's First Amendment claim could survive a qualified immunity-based Rule 12(b)(6) motion to dismiss, stating that "[a] cognizable First Amendment retaliation claim requires a plaintiff to show: (1) that plaintiff's speech was protected; (2) defendant's alleged retaliatory action adversely affected the plaintiff's constitutionally protected speech; and (3) a causal relationship exists between plaintiff's speech and the defendant's retaliatory action." 706 F.3d at 387 (internal quotations and citations omitted).

Here, Plaintiffs' Complaint sets forth a valid First Amendment claim based on Officer Rainwater's choice to arrest Wife "for exercising [her] first amendment right to voice opposition to an unlawful arrest." (ECF No. 1-1 at 13.) Specifically, Plaintiffs allege that Wife "complaining about the assault on her husband and letting Defendant Rainwater know he was a disabled veteran with medical and health issues is . . . protected First Amendment conduct and was the motivating reason behind her arrest." (*Id.*) These allegations are supported by the facts laid out in the record, as exhaustively recounted in the Report. Accordingly, this objection is overruled.

The Magistrate Judge next found that Defendant Rainwater is not entitled to a qualified immunity defense on Plaintiffs' excessive force claims and Wife's First and Fourth Amendment claims—however, she granted qualified immunity on Husband's Fourth and First Amendment claims. (ECF No. 72 at 30–33.) Here, Defendants object that the Magistrate failed to properly apply the qualified immunity standard; specifically, she "failed to consider whether, under Plaintiffs' version of events, any mistake as to the existence of actual probable cause was reasonable." (ECF No. 74 at 5.) Defendants contend that Defendant Rainwater is entitled to qualified immunity on each of Plaintiffs' claims. (*Id.*)

Contrary to Defendants' assertion, the Magistrate Judge properly applied the qualified immunity standard to each of Plaintiffs' claims and did not err in her conclusions. She thoughtfully addressed each claim, focusing on whether Defendant Rainwater acted in an objectively reasonable manner in connection to each allegation and whether Plaintiffs' rights were clearly established at the time Defendant Rainwater

acted. (ECF No. 72 at 30–33.) She referenced her previous discussion of Wife's Fourth Amendment allegations to find that "whether it was objectively reasonable for Defendant Rainwater to arrest Wife remains a question of fact." (*Id.* at 32.) Defendants' brief objection fails to establish any error in the Magistrate Judge's findings on qualified immunity and is therefore overruled.

The Magistrate Judge next granted summary judgment on Husband's state law claims for false arrest and false imprisonment because he could not satisfy the "restraint was unlawful" requirement. (ECF No. 72 at 35.) However, she denied summary judgment on Wife's state law claims for false arrest and false imprisonment, finding that whether Wife's restraint was unlawful remains a question of fact. (*Id.*) She further denied summary judgment on Plaintiffs' state law claims for battery, finding that whether the alleged violence used against Plaintiffs was unlawful and unauthorized remains a question of fact. (*Id.* at 36.)

Here, Defendants' filing merely directs the Court to arguments originally made in their motion for summary judgment. (ECF No. 74 at 6.) Defendants assert that the Court should dismiss each of the state law claims and should further find that the South Carolina Tort Claims Act ("SCTCA") grants immunity to Defendant Sheriff of Chesterfield County on all of the state law claims. (*Id.*) However, the Court finds no cause to stray from the Magistrate Judge's findings.

As an initial matter, the Magistrate Judge properly addressed each state law claim. To dispose of the false arrest and false imprisonment claims, she summarized the law on these causes of action in South Carolina and analyzed whether the facts and

circumstances observed by Defendant Rainwater gave him probable cause to believe that a crime had been freshly committed. (ECF No. 72 at 34–35.); *see State v. Martin*, 268 S.E.2d 105, 107 (S.C. 1980) ("[A]n officer can arrest for a misdemeanor [not committed in his presence] when the facts and circumstances observed by the officer give him probable cause to believe that a crime has been freshly committed."). Then, to address the battery claims, she summarized the tort of battery and referenced her earlier excessive force analysis to find that these claims should survive summary judgment. (*Id.* at 35–36.) Accordingly, the Court finds no error in the Magistrate's discussion of the state law claims or in her conclusions.

The Court further finds no error in the Magistrate's discussion of the SCTCA. She thoughtfully addressed each section of the South Carolina Code that Defendants maintain provide Defendant Sheriff of Chesterfield County with immunity. She first found that S.C. Code Ann. § 15-78-60(5), cannot provide immunity in light of *Clark v. S.C. Dep't of Pub. Safety*, 608 S.E.2d 573, 579 (S.C. 2005), wherein the South Carolina Supreme Court held that "a law enforcement officer is not immune from liability under Section 15-78-60(5) for the decision on whether to begin or continue the immediate pursuit of a suspect." (ECF No. 72 at 36.) The Magistrate Judge further found that S.C. Code Ann. § 15-78-60(6), which provides immunity for loss resulting from the methods of providing police protection, cannot provide immunity in the instant case. (*Id.* at 37.) Specifically, she found that Husband's actions did not present sufficient danger to require police protection—Defendant Rainwater was not responding to a call where Husband was continuing to threaten harm to the public or himself, and Husband's altercation with

the truck driver had ended before Defendant Rainwater arrived at Plaintiffs' home. (*Id.*); *cf. Huggins v. Metts*, 640 S.E.2d 465, 466 (S.C. 2006) (finding immunity under § 15-78-60(6) where the state police responded to a call stating that plaintiff "was threatening to burn down several homes and to commit suicide," and where plaintiff was armed with two butcher knives and continued to approach police after being warned to "not come any closer or police will shoot").

Finally, the Magistrate Judge found that S.C. Code § 15-78-60(4), which provides immunity for loss resulting from "adoption, enforcement, or compliance with any law or failure to adopt or enforce any law . . . ," only applies to Defendant Rainwater's enforcement of a law or ordinance when he arrested Husband. (ECF No. 72 at 38.) Because the Magistrate Judge recommended dismissing Husband's § 1983 claims for Fourth Amendment violations and state law causes of action for false arrest and false imprisonment, she did not find further discussion of immunity under the SCTCA necessary. (*Id.* at 38–39.) She then correctly found § 15-78-60(4) to be inapplicable to the remaining causes of action. (*Id.*)

For the reasons stated above, the Court finds that the Report is exceptionally thorough and properly disposes of Plaintiffs' claims. Defendants' objections are therefore overruled. Whatever additional objections Defendants may mean, they are simply renewals of arguments considered, and properly rejected, in the Report.

## **CONCLUSION**

After careful consideration of the relevant motions, responses, and objections, the Court adopts the Report and Recommendation and incorporates it herein by specific

reference to the extent consistent. The Court further grants Defendants' Motion to Strike (ECF No. 82) Plaintiffs' letter filed on November 19, 2015.[4] However, the Court does not find the filing of this letter to serve as a basis to dismiss this action. It is, therefore, ORDERED that Defendants' Motion for Summary Judgment (ECF No. 42) is GRANTED IN PART and DENIED IN PART. Husband's § 1983 claims for Fourth Amendment seizure and arrest violations and First Amendment violation, and his state law claims for false arrest and false imprisonment are therefore dismissed. However, all remaining causes of action may proceed.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

Greenville, South Carolina
February 10, 2016

---

[4] Plaintiffs consent to striking this letter, which was apparently filed without their counsel's knowledge. (ECF No. 84.)